| | |
|---|---|
| MARIE SMITH, ) | |
| ) | |
|     *Plaintiff,* ) | |
| ) | No. 1:09-cv-108 |
| v. ) | *Edgar / Lee* |
| ) | |
| RIVERMONT CARE & ) | |
| REHABILITATION CENTER and ) | |
| SIGNATURE HEALTH CARE LLC, ) | |
| ) | |
|     *Defendants.* ) | |

## MEMORANDUM

Plaintiff Marie Smith originally brought this action based on state law unlawful retaliation claims in the Circuit Court of Marion County, Tennessee. [Court Doc. No. 1-1, Complaint]. Defendants Rivermont Care & Rehabilitation Center ("Rivermont") and Signature Health Care LLC ("Signature Health") (collectively "Defendants") removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. [Court Doc. No. 1].

Defendants now move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). [Court Doc. No. 4]. Defendants originally also moved to stay the proceedings and to compel arbitration. *See id.* However, following this Court's order requesting additional briefing of the issues [Court Doc. No. 13], Defendants withdrew their motion to stay the proceedings and to compel arbitration. [Court Doc. No. 16]. Their notice states, "Defendants hereby give notice that they are withdrawing their request to compel arbitration, thus leaving their request for dismissal for failure to state a claim upon which relief can be granted ripe for disposition by this Court." *Id.* Therefore, this court will only address Defendants' motion pursuant to Fed. R. Civ.

P. 12(b)(6).

The court has reviewed the Complaint, the arguments of the parties, and the relevant Tennessee law and has determined that Defendants' motion will be **GRANTED**.

**I.      Background**

The Complaint alleges that Rivermont is a health care provider specializing in nursing home care and that Signature Health is the owner of Rivermont. Complaint, ¶¶ 2, 3. Plaintiff alleges that she began working at Rivermont in February of 2003 and has held several positions there, including a position of Certified Nursing Assistant ("CNA") and Rehabilitation Technician. *Id.* at ¶ 4. She asserts that she has always had "excellent" performance. *Id.* However, in September of 2008, the Plaintiff experienced a work-related injury. Rivermont has provided her with medical care in accordance with the Tennessee Workers' Compensation Act, Tenn. Code Ann. §§ 50-6-101 *et seq.*

The Complaint alleges that following Plaintiff's injury, the following events transpired:

> On or about the fourth of December 2008, the plaintiff was removed from her position as a Rehab technician and was assigned work in the kitchen which, she was told, was light duty commensurate with her injury. She was also instructed not to converse with other employees or with patients as she had done previously while working as a technician. The work she was assigned and which she continues to perform in the kitchen is, in fact, anything but light work. It is heavy, constant and arduous work that has caused the plaintiff pain, exhaustion, and physical and mental distress. Plaintiff would show that other technicians suffering from similar injuries have continued to work as technicians during the period of recovery, but have been relieved of the heavy lifting that the position calls for.
>
> Plaintiff is informed and alleges that her assignment to the kitchen work and her direction not to speak to other employees or patients was made by Rivermont in retaliation because of her assertion of a claim under the Workers Compensation Act and because Rivermont officials believed she had reported Rivermont deficiencies in its performance to the State Health Department. Plaintiff is further informed and alleges that Rivermont assigned her heavy-duty work in the kitchen in the belief that she would find the work so burdensome that she

would leave her employment.

> Plaintiffs [sic] says that the foregoing retaliatory actions of Rivermont are in violation of the Tennessee Workers Compensation Act and that they are in violation of the clear public policy of Tennessee as set forth in T.C.A. § 68-11-804(c)(1)(B)(3) which makes it unlawful to retaliate or in any way to discriminate against an employee for having provided information to the Department of Health.
>
> As a result of the wrongful and retaliatory actions of Rivermont, the plaintiff has been required to perform burdensome and heavy work, contrary to the requirements of her injury, and she has been deprived of her right to continue to perform her duties as a technician with the accommodation made necessary by her injury. She has moreover suffered emotional distress and humiliation by reason of the defednants' [sic] unlawful actions and outrageous conduct.
>
> The plaintiff would show that Rivermont acted intentionally, maliciously, and recklessly in assigning her to work as they have and by prohibiting her from communicating with resident employees and patients of the institution, for which she is entitled to recover punitive damages.

Complaint, ¶¶ 6-10.

Although the Complaint alleges various actions taken by Rivermont, the Complaint does not explicitly define Plaintiff's causes of action against the Defendants. Defendants move to dismiss Plaintiff's claims in their entirety and have provided briefing pertaining to retaliation for filing a workers' compensation claim, as well as a cause of action relating to the alleged violation of Tenn. Code Ann. § 68-11-804. Plaintiff does not appear to contest Defendants' articulation of her stated claims, nor does she appear to assert some other unidentified cause of action.

**II.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

-3-

"must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555, 127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

Following *Twombly* the U.S. Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007). In *Erickson* the Supreme Court reminded lower courts of liberal pleading

-4-

standards:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "

*Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)) .

The Sixth Circuit has chosen to "read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

However, the Supreme Court has recently clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937 (2009). The Court emphasized that "though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard 'in all civil actions,' and it applies to antitrust and discrimination suits alike." ___ U.S. at ___, 129 S.Ct. at 1953 (quoting *Twombly*, 550 U.S. at 555-556, 127 S.Ct. 1955). The Court in *Iqbal* indicated the Rule 8 pleading standards that apply to all cases:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949-50.

In addition, in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "[m]atters outside the pleadings are not to be considered . . ." *Weiner*, 108 F.3d at 88 (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). The parties have both attached matters outside of the pleadings for this court's consideration, but these materials appear to pertain to the withdrawn motion to stay and to compel arbitration. Therefore, the court has not considered these extraneous materials in considering the motion to dismiss.

### III. Analysis

The parties' briefing pertains substantially to the Defendants' motion to compel arbitration. As the Defendants have clearly withdrawn this motion, the court will make no determination on the merits of Defendants' request pertaining to arbitration.

#### A. Retaliation for Filing a Workers' Compensation Claim

-6-

The parties appear to agree that Plaintiff is attempting to bring either a common law or statutory claim for retaliation in violation of public policy for Defendants' alleged discrimination towards her following her filing of a workers' compensation claim. The central question remaining to be resolved in the pending motion is whether Plaintiff has stated a claim for retaliation in violation of the Tennessee workers' compensation statute when she was not terminated from employment.

In *Clanton v. Cain-Sloan Co.* the Tennessee Supreme Court first recognized a cause of action for retaliatory discharge of an employee seeking workers' compensation benefits. 677 S.W.2d 441 (Tenn. Sup. Ct. 1984). The Court stated in that case, "[i]n our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature." *Id.* at 445.

The Tennessee Supreme Court has further determined that:

> the following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. Sup. Ct. 1993).

The Tennessee legislature has also codified a cause of action for termination in violation of public policy. That statute states that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). The statute defines "illegal activities" as "activities that are in

-7-

Case 1:09-cv-00108-RAE-SKL   Document 17   Filed 01/25/10   Page 7 of 11   PageID #: 189

violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. § 50-1-304(a)(3).

The parties agree that Rivermont did not terminate Plaintiff's employment. Both the statute and the common law claim of retaliation for filing a workers' compensation claim require termination from employment be demonstrated. *See Anderson*, 857 S.W.2d at 558; *Franklin v. Swift Transportation Co., Inc.*, 210 S.W.3d 521, 528 (Tenn. Ct. App. 2006). As the Tennessee Supreme Court stated in *Anderson*, "[t]he cause of action for retaliatory discharge defines the balance point between the employment-at-will doctrine and rights granted employees under well-defined public policy." 857 S.W.2d at 556. Thus, it is essential to a claim for retaliatory discharge under either the common law or Tenn. Code Ann. § 50-1-304 that an employee be terminated from employment.

Plaintiff attempts to avoid the need for termination by asserting that Tennessee courts have not directly held that a retaliation claim must include a discharge. However, Plaintiff points to no Tennessee authority, and this court has located no such authority, addressing a situation in which a plaintiff stated a cause of action for retaliation for filing a workers' compensation claim without a discharge of the employee from employment. In addition, although not cited by the parties, this court has located Tennessee authority suggesting that no such cause of action exists under Tennessee law.

In *Medley v. A.W. Chesterton Co.*, a Tennessee court of appeals addressed whether an employee could state a workers' compensation retaliation claim for a denial of severance benefits instead of for a termination. 912 S.W.2d 748, 750 (Tenn. Ct. App. 1995). The court of appeals determined that:

-8-

> The fallacy of [plaintiff's] argument regarding his alleged retaliatory discharge because he asserted a worker's compensation claim, is that he was discharged before he filed his claim and any retaliation was the withholding of severance benefits to which he otherwise would have been –and ultimately was found to have been – entitled. Thus, if we agree with his contention we would be required to expand the present judicial and legislative pronouncements on the subject to include withholding of severance benefits because of a threatened worker's compensation claim. This we are disinclined to do given our historic adherence to the employee-at-will and right-to-work doctrines which are ingrained in Tennessee jurisprudence. We conclude if such an exception is to be made, it should be by either the Legislature or the Supreme Court.

*Id.* at 752. Thus, it appears that a least one Tennessee court of appeals has addressed whether a cause of action exists for retaliation in response to a workers' compensation claim that did not include a discharge. And this court declined to create a new exception to the rule that workers' compensation retaliation must involve a discharge from employment. *See id.*

Further, a federal district court is not in the business of creating new state law claims. Although a federal court may be tasked with resolving unclear issues of state law, its duty does not extend to manufacturing a new state law claim out of whole cloth. For example, in *Valley Products Co., Inc. v. Landmark*, the district court analyzed whether to dismiss a claim that had not yet been recognized under Tennessee law. 877 F.Supp. 1087, 1095 (W.D. Tenn. 1994). The court explained:

> [Plaintiff] has also stated a claim for intentional interference with prospective economic advantage. The Tennessee courts have never recognized a claim for intentional interference with prospective economic advantage. Nevertheless the Tennessee courts have also never expressly rejected such a cause of action. However, because a claim for prospective interference with contract does not presently exist under Tennessee law, this court declines to create a new cause of action. Accordingly, the motions to dismiss with respect to the prospective interference with contract claim are granted.

*Id.* (citing *Chilton Air Cooled Engines, Inc. v. Omark Industries, Inc.*, 721 F.Supp. 151, 156 (M.D. Tenn. 1988) (other citations omitted)). The Plaintiff admits that no Tennessee court has

recognized a cause of action for retaliatory discrimination short of discharge for filing a workers' compensation claim. The court in *Medley* further declined to create such a claim. In addition, Plaintiff's claim clearly does not meet the discharge requirement in Tenn. Code Ann. § 50-1-304. This court therefore declines to create a new cause of action unsupported by current Tennessee law. *See Medley*, 912 S.W.2d at 752; *Valley Products Co.*, 877 F.Supp. at 1095. Defendants' motion to dismiss the retaliation claim will be **GRANTED**.

        **B.**      **Plaintiff's Claim Pursuant to Tenn. Code Ann. § 68-11-804**

It is unclear whether Plaintiff's Complaint attempts to state a cause of action pertaining to Tenn. Code Ann. § 68-11-804. However, Defendants move to dismiss any such claim; therefore, the court will address it. The statute states in relevant part:

> (c) A type C civil monetary penalty shall be imposed, under the circumstances set forth in subsection (b), for any violation of the following standards: . . . (3) No nursing home shall retaliate against or, in any manner, discriminate against any person because of a complaint made in good faith and without malice to the board, the department, the adult protective service, the comptroller of the treasury, the long-term care ombudsman, or other agency having jurisdiction. A nursing home shall neither retaliate, nor discriminate, because of information lawfully provided to these authorities, because of a person's cooperation with them, or because a person is subpoenaed to testify at a hearing involving one (1) of these authorities.

Tenn. Code Ann. § 68-11-804(c)(3). The statute regulating health care facilities also provides that the Department of Health may initiate civil penalty proceedings for type C violations by mailing the deficient nursing home a written statement citing the provisions violated. Tenn. Code Ann. § 68-11-814(a). The statute further identifies the fines that the Department may assess. Tenn. Code Ann. § 68-11-811. The statute provides that "contested cases shall be conducted according to the Uniform Administrative Procedures Act . . ." Tenn. Code Ann. § 68-11-817(a). However, the statute does not provide for a private cause of action of an employee

who has been a victim of discrimination in violation of Tenn. Code Ann. § 68-11-804(c)(3). Nor is there any Tennessee authority analyzing Tenn. Code Ann. § 68-11-804(c)(3), and no Tennessee courts have addressed a cause of action pertaining to its violation. Thus, it does not appear that Plaintiff can state a private cause of action for violation of this non-discrimination provision. Therefore, the court will **DISMISS** this claim.

### IV. Conclusion

Because this court can find no support for Plaintiff's alleged claims under Tennessee law, the court must conclude that Plaintiff cannot state a plausible claim for relief. *See Iqbal*, __ U.S. ___, 129 S.Ct. at 1949-50. Therefore, this court will **DISMISS** her claims with prejudice.

A separate judgment will enter.

                                        */s/ R. Allan Edgar*
                                   R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE